UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SAMUEL SWAFFORD, | ) | |
| | ) | Case No. 1:21-cv-305 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| WARDEN OF USP ATLANTA, | ) | |
| DIRECTOR OF THE BUREAU OF | ) | |
| PRISONS, FCI HERLONG WARDEN | ) | |
| THOMPSON, and FCI HERLONG DR. | ) | |
| ALLRED, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

# MEMORANDUM OPINION

Plaintiff, a federal prisoner convicted in this Court, *see United States v. Swafford*, Criminal Case No. 1:17-CR-021-TRM-SKL-1 (E.D. Tenn. Dec. 21, 2017), and incarcerated in the Federal Correctional Institution at Herlong ("FCI Herlong"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4].

Plaintiff's claims arise out of incidents that occurred in the United States Prison in Atlanta ("USP Atlanta") and FCI Herlong, and he has sued only entities and individuals associated with these federal correctional facilities [Doc. 1 p. 1–6]. Specifically, Plaintiff alleges that improper acts and omissions of Bureau of Prisons and/or USP Atlanta officials caused him to be transferred to FCI Herlong, that this transfer violated his due process rights, and that he then contracted COVID-19 at FCI Herlong and did not receive adequate treatment for that condition [*Id.*]. As relief, Plaintiff seeks monetary damages and injunctive relief [*Id.* at 3–5, 7], as well as both

immediate release and a downward departure, presumably from his current federal sentence [*Id.* at 3, 4].

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims arising out of events and omissions that occurred in both USP Atlanta and FCI Herlong. However, two of Plaintiff's three claims for relief arise out of events and omissions that occurred in USP Atlanta [Doc. 1 p. 3, 5], and Plaintiff specifically asserts that the acts and omissions of USP Atlanta officials led to him contracting COVID-19 at FCI Herlong [*Id.* at 4–5]. Accordingly, the Court finds that "a substantial part of the events or omissions giving rise to" Plaintiff's complaint occurred in the judicial district in which USP Atlanta is located, and that this is therefore the proper venue to consider Plaintiff's motion for leave to proceed *in forma pauperis* and screen his complaint.[1] 28 U.S.C.A. § 1391(b)(2); *see, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] As set forth above, in his complaint, Plaintiff requests both a downward departure and immediate release, presumably from his federal sentence to which this Court sentenced him [Doc. 1 p. 3, 4]. However, this Court has already determined that Plaintiff is not entitled to a downward

USP Atlanta is in Fulton County, Georgia, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Atlanta Division of the United States District Court for the Northern District of Georgia and to close this Court's file.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

departure based on the allegations contained in his § 1983 complaint, which he previously set forth in a motion for downward departure in his underlying criminal case in this Court. *See United States v. Swafford*, Case No. 1:17-CR-021-TRM-SKL-1, at Docs. 111, 112. Regardless, as this Court is not the proper venue for Plaintiff's claims, the Court will allow the transferee Court to determine the propriety of these requests for relief.